# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CR-0026-001-CVE |
| v. ) | |
| ) | USM Number: 11868-062 |
| BRIAN ELBERT LEE, ) | |
| a/k/a "Bryan Elbert Lee Corman" ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion to clarify sentence regarding time served (Dkt. # 45). Defendant requests modification of sentence by granting credit toward his sentence for time spent in official detention, thereby accelerating the date of his release from imprisonment.

On January 3, 2013, defendant appeared for sentencing from State of Idaho custody on a writ of habeas corpus ad prosequendum, following his plea of guilty to count one of the indictment – felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was sentenced to 18 months in the custody of the Bureau of Prisons to run concurrently with any undischarged term of imprisonment in Elmore County, Idaho, Case Number CR-2003-81. Defendant was remanded to the custody of the U.S. Marshal for return to State of Idaho custody.

Defendant, having been returned on writ awaiting transportation to the State of Idaho for the completion of his state sentence, requests that the Court modify his sentence by granting jail time credit for two periods of time. The first period is from February 9, 2012, until February 19, 2012. This period of approximately eleven days is the period of time in which the defendant was arraigned and released on an unsecured bond. On February 10, 2012, defendant was arrested and made an

initial appearance on the indictment. He pled not guilty and was released on an unsecured bond. Subsequently, defendant was turned over to the State of Oklahoma on an extradition warrant from the State of Idaho. The second period is from September 26, 2012, to January 3, 2013. This period of approximately 100 days is the period in which defendant was returned to the Northern District of Oklahoma for disposition of the instant case, pursuant to a writ of habeas corpus ad prosequendum.

It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the Bureau of Prisons, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280 (10th Cir. 2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994); see also United States v. Brown, 212 Fed. Appx. 747 (10th Cir. 2007) ("[A] sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing.") (citation omitted).

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). To fulfill this duty, BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences has long operated in this manner.

This Court has no authority to compute or award sentencing credit at sentencing or to later order application of jail credits toward a sentence. Accordingly, defendant's request for modification of sentence by awarding jail time credits is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to clarify sentence regarding time served (Dkt. # 45) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 22nd day of January, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE